**STATE of Minnesota, City of Minneapolis, Respondent,**

v.

**Daniel BASEMAN, Appellant.**

**No. C7-86-493.**

Court of Appeals of Minnesota.

Nov. 10, 1986.
Review Denied Jan. 16, 1987.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Alfton, Minneapolis City Atty., Minneapolis, for respondent.

Heard, considered and decided by NIER-ENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Daniel Baseman appeals his conviction for disorderly conduct, claiming the Minneapolis ordinance is unconstitutionally vague and overbroad. We affirm.

## FACTS

About 1:30 a.m. on February 9, 1986, appellant and his live-in girlfriend Nancy Grimes got into an argument. Appellant started breaking things and Grimes left with her daughter, Dwayna, to go upstairs to a neighbor.

Appellant followed and grabbed Grimes, pulling her so that she fell down three stairs onto the landing. Appellant also held Dwayna to prevent her from going upstairs. She was screaming and hollering.

The upstairs neighbor heard the hollering and observed appellant holding Dwayna as she was trying to come up the stairs. When the neighbor yelled at appellant, he let go of Dwayna. She described Grimes as "hysterical" and "in a lot of pain." Grimes suffered a sprained back.

Appellant was charged with two counts of simple assault, Minn.Stat. § 609.224 (1984), against Grimes and Dwayna and disorderly conduct, Minneapolis City Ordinance § 385.90. Appellant was convicted of disorderly conduct. Appellant raised the constitutionality of the disorderly conduct ordinance at trial. The State did not file a brief and we proceeded under Minn.R.Civ. App.P. 142.03.

## ISSUE

Is the Minneapolis disorderly conduct ordinance unconstitutionally vague or overbroad?

## ANALYSIS

1. In *State v. Lynch*, 392 N.W.2d 700, 703 (Minn.Ct.App.1986), we held that the Minneapolis disorderly conduct ordinance is not unconstitutionally vague or overbroad. That case controls our decision here.

2. Appellant also claims the ordinance is vague as applied to his actions. The ordinance is worded as follows:

No person, in any public or private place, shall engage in, or prepare, attempt, offer or threaten to engage in, or assist or conspire with another to engage in, or congregate because of, any riot, fight, brawl, tumultuous conduct, act of violence, or any other conduct which disturbs the peace and quiet of another save for participating in a recognized athletic contest.

Minneapolis City Code § 385.90 (1981) (quoted in *Lynch*, 392 N.W.2d at 703).

Appellant's conduct in hollering at Grimes, pulling her down the stairs and holding Dwayna on the stairs as she screamed and hollered could have been found by the jury to be a violation of the disorderly conduct ordinance.

## DECISION

Appellant's conviction for disorderly conduct is affirmed.

Affirmed.